UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA ALEXANDER WOOD,
o.b.o. E.A.W.,

    Plaintiff,                                             Hon. Sally J. Berens

v.                                                         Case No. 1:23-cv-1136

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim that her child, E.A.W., is entitled to Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that E.A.W. is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

For the following reasons, the Court will **reverse** the Commissioner's decision and remand the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. See 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

E.A.W. was born on April 26, 2020. (PageID.55.) On June 3, 2020, Plaintiff filed an application for disability benefits, asserting that E.A.W. was disabled since his date of birth due to premature birth and low birth weight. (PageID.56, 134–39.) Plaintiff's application was denied initially and on reconsideration, after which she requested a hearing before an Administrative Law Judge (ALJ). On November 4, 2022, ALJ Paul Jones held an administrative hearing by telephone, at which Plaintiff testified. (PageID.42–53.) On December 23, 2022, the ALJ issued a written decision finding that E.A.W. was not disabled from the date of the application through the date of the decision. (PageID.32–37.) The Appeals Council denied Plaintiff's request for review on August 31, 2023. (PageID.19–21.) Therefore, the ALJ's December 23, 2022 decision became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff subsequently initiated this civil action for judicial review pursuant to 42 U.S.C. § 405(g).

## ANALYSIS OF THE ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim pursuant to a three-step sequential process. 20 C.F.R. § 416.924(a).

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity, he cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125.

3

If the child does not have a medically determinable severe impairment, he is not disabled. 20 C.F.R. § 416.924(c). If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125. In making this determination, the ALJ must consider the combined effect of all medically determinable impairments, even those that are not severe. *See* 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) and (c).

After determining that E.A.W. had not engaged in substantial gainful activity, the ALJ proceeded to the next step and found that he suffered from the medically determinable impairment of low birth weight. (PageID.33.) The ALJ concluded that alleged speech and language deficits and autism spectrum disorder (ASD) were not medically determinable impairments. (PageID.33–34.) At step two, the ALJ determined that E.A.W.'s low birth weight was not severe. (PageID.34–36.) Therefore, the ALJ found that E.A.W. was not disabled. (PageID.36.)

## **DISCUSSION**

Plaintiff raises the following issues in her appeal: (1) as the record includes the presence of signs and laboratory findings, the ALJ's finding that E.A.W. does not have a medically determinable impairment of ASD is not supported by substantial evidence; and (2) the ALJ erred in determining that E.A.W.'s impairments did not meet or medically equal Listing 112.10.[1] (ECF No. 10 at PageID.378.)

Pursuant to the agency's regulation, a claimant's impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical

---

[1] Plaintiff does not contest the ALJ's determination that E.A.W.'s low birth weight was non-severe.

and laboratory diagnostic techniques." 20 C.F.R. § 416.921. The claimant must provide "objective evidence from an acceptable medical source." *Id.* The claimant's "statement of symptoms, a diagnosis, or a medical opinion," will not suffice. *Id.*; *see Tolbert v. Comm'r of Soc. Sec.*, No. 11-12059, 2012 WL 4176876, at *4 (E.D. Mich. Aug. 27, 2012), *report and recommendation adopted*, 2012 WL 4165649 (E.D. Mich. Sept. 18, 2012) (citing Social Security Ruling 96-4p, 1996 WL 374187, at *1) ("A diagnosis establishes medically determinable impairment only where it is supported by objective medical evidence."). Because psychiatric impairments oftentimes cannot be confirmed with objective laboratory testing, as is the case with medical impairments, "clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (citation omitted). In determining disability for children, an ALJ must consider all relevant information in the record, including "information from medical sources, (such as [the child's] pediatrician or other physician; psychologist; qualified speech-language pathologist . . . ) and nonmedical sources (such as [the child's] parents [and] teachers[.]" 20 C.F.R. § 416.924a(a).

Due to her concern that E.A.W. was exhibiting symptoms similar to those experienced by E.A.W.'s older brother, who had been diagnosed with ASD, Plaintiff requested a psychological evaluation by Mindy Newhouse-Oisten, Ph.D., BCBA-D, LBA, LLP, who evaluated E.A.W. on September 26, 2022, and issued a written report on September 29, 2022. After setting forth background information and evaluation procedures, Dr. Newhouse-Oisten made a differential diagnosis of ASD.[2] (PageID.335–38.)

---

[2] A differential diagnosis occurs when a patient exhibits symptoms of a condition but further testing or evaluation is required before making an accurate diagnosis. It is not an "official diagnosis, but a step before determining what could cause [the] symptoms." *See* https://my.clevelandclinic.org/health/diagnostics/22327-differential-diagnosis (last visited July 19, 2024).

5

The ALJ discussed Dr. Newhouse-Oisten's differential diagnosis of ASD but found that it failed to support a medically determinable impairment because it was apparently based in large part upon Plaintiff's subjective reports rather than objective clinical findings. (PageID.33.) The ALJ noted, for example, that Plaintiff conveyed information about E.A.W.'s abnormal eating habits, punching of others, and keeping to himself around other children, but none of this was documented as being observed by the examining clinician, (PageID.33–34.) The ALJ also noted that testing from the evaluation showed that some of E.A.W.'s scores fell in the low range for his age but were not in the abnormal age. (PageID.34, 335–36.) In addition, the ALJ cited a mental status examination performed the same date as the evaluation, which reported mostly normal findings as to appearance, cooperation, calmness, speech, affect, mood, thought content, thought process, orientation, memory, and attention/concentration. (PageID.34, 352–54.) Finally, the ALJ cited the report of consultative examiner Michelle Croce, Psy.D., who performed a psychological examination of E.A.W. in January 2022 and reported that E.A.W. was able to complete cognitive tasks and motor skills at a level only slightly below expected, with expected language skills, adequate attention, pleasant disposition, and age-appropriate behavior during the testing. Ms. Croce did not diagnose any psychiatric or cognitive impairment. (PageID.34, 303.)

The ALJ erred by placing undue emphasis on Plaintiff's reports of E.A.W.'s symptoms detailed in Dr. Newhouse-Oisten's report. In fact, the pertinent regulation instructs medical sources to include in their reports parent-supplied information they considered regarding the child's symptoms. 20 C.F.R. § 416.924a(a)(1)(iii). In addition to this information, Dr. Newhouse-Oisten's report contains a summary of test results from the Telemedicine-Based ASD Assessment in Toddlers (TELE-ASD-PEDS) she administered by video. The test involves the parent conducting a series of activities with the child while the assessor observes the interaction. A score of 11 or

higher indicates that the child is at a risk for a diagnosis of ASD, and five or more individual item ratings of 3 indicate that the child is at very high risk for a diagnosis of ASD. (PageID.337.) After conducting the assessment and observing E.A.W.'s interaction with Plaintiff, Dr. Newhouse-Oisten determined a score of 16, indicating that E.A.W. displayed many symptoms of ASD. She further noted that E.A.W. scored 2s on the majority of the individual items. (338.) She concluded that based on information obtained during the evaluation—from records, the parent interview, and the TELE-ASD-PEDS—that E.A.W. meets all of the criteria for a diagnosis of ASD. (PageID.338–39.)

The ALJ failed to address Dr. Newhouse-Oisten's assessment based on her own observations, even though they qualify as "signs" and "laboratory findings" supporting the existence of ASD. *See D.K. v. Kijakazi*, No. 20-cv-07821, 2021 WL 3856696, at *6. (N.D. Cal. Aug. 30, 2021) (doctor's assessments including observations of the plaintiff's behavior were "signs" and "laboratory findings" providing a basis for a medically determinable impairment of autism). Moreover, while Dr. Newhouse-Oisten certainly cited information received from Plaintiff as supporting the conditional diagnosis, there is no indication that she relied solely on that information or placed undue emphasis on it in determining that E.A.W. meets all of the criteria for a diagnosis of ASD. *See Jones ex rel. D.J. v. Colvin*, No. 4:12CV1456, 2013 WL 3338573, at *14–15 (E.D. Mo. July 2, 2013) (ALJ erred in finding autism a non-medically determinable impairment because the record showed that the speech pathologist's conclusions were not based solely on the parent's reports of the child's subjective symptoms).

Because the ALJ failed to consider Dr. Newhouse-Oisten's observations in her assessment report as "signs" and "laboratory findings" sufficient to support a medically determinable impairment, the Court concludes that remand is warranted for the ALJ to determine whether the

impairment is severe. In addition, the Court need not address Plaintiff's argument regarding Listing 112.10 because the ALJ should consider whether E.A.W.'s impairment meets or medically equals the listing in the first instance on remand. *See id.* at *15.

## **CONCLUSION**

For the reasons stated above, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. An order consistent with this opinion will enter.

Dated: July 24, 2024     /s/ Sally J. Berens
                          SALLY J. BERENS
                          U.S. Magistrate Judge